**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Drubay C. Hall, Jr.  #200406775 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: 2:06-1246-PMD-RSC |
| v. | ) | |
| | ) | |
| Joey Preston, Administrator of Anderson | ) | **ORDER** |
| County; Robert Daly, Director of Anderson | ) | |
| County Detention Center; Arlette Jones, | ) | |
| Capt.; NFN Carol Roundtree, Nurse; NFN | ) | |
| Morris, Officer; NFN Lollis, Officer, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Drubay C. Hall, Jr. ("Plaintiff"), formerly an inmate at the Anderson County

Detention Center ("ACDC"), filed this action pursuant to 42 U.S.C. § 1983, alleging violations of

his constitutional rights.  Defendants filed a Motion for Summary Judgment.  The record contains

the Report and Recommendation ("R&R") of a United States Magistrate Judge, made in accordance

with 28 U.S.C. § 636 (b)(1)(B), which recommends that Defendants' Motion for Summary Judgment

be granted.  A party may object, in writing, to a report and recommendation within ten days after

being served with a copy of that report.  28 U.S.C. 636 (b)(1).  Plaintiff filed timely objections to

the Magistrate Judge's recommendations.

## BACKGROUND

On April 28, 2006, Plaintiff brought suit pursuant to 42 U.S.C. § 1983 against Joey Preston,

Administrator of Anderson County, Robert Daly, Director of ACDC, Arlette Jones, Captain at

ACDC, and NFN Carol Roundtree, nurse at ACDC.  NFN Morris, Transportation Officer at ACDC,

and NFN Lollis, Officer at ACDC, were added as defendants in an amended complaint on June 9,

2006.

Plaintiff's action arises from an allegation of the Defendants' deliberate indifference to his medical needs during his pretrial detention at the ACDC. Prior to his detention, Plaintiff had been diagnosed by various psychiatrists between 1989 and 2004 to have bi-polar depression and anxiety disorder. During the time of the Plaintiff's arrest in November of 2004, his medication included a hypertension medication, the antidepressant Lexapro, and the antianxiety medication Klonopin. While Klonopin is also used to prevent seizures, Plaintiff was prescribed Klonopin solely to treat his anxiety disorder. When Plaintiff was transferred from the custody of the City of Greenwood to the ACDC, he had all of his medications except the Klonopin, which the City prohibits.

Once at the ACDC, Plaintiff discontinued his use of Lexapro, until he requested it again in January 2005. Plaintiff also requested for his prescriptions for Klonopin and other medications be switched to an Anderson area pharmacy where they could be picked up for him. Defendant Roundtree ("Roundtree") did so. Plaintiff did not take Klonopin from the time of his arrival at ACDC until his prescription was refilled in 2005, and suffered no seizure episodes during this time.

Roundtree scheduled an appointment at the Anderson Free Clinic ("Free Clinic") to renew Plaintiff's prescriptions for Klonopin and Lexapro. On February 16, 2005, Plaintiff was transported to the Free Clinic and evaluated by Dr. Grady Adkins. Dr. Adkins wrote Plaintiff a six month prescription for Lexapro and Klonopin, with instructions to schedule an appointment near the end of the period for refills.

In July of 2005, Plaintiff alerted Defendant Roundtree that his prescriptions were about to run out in August, and requested an appointment in order to get refills. Roundtree called the Free Clinic and was informed that no refills for Klonopin would be issued. On August 10, 2005, Dr. DeCastro, a private practice physician under contract with the ACDC, wrote Plaintiff a one month

prescription for Klonopin. However, Dr. DeCastro decided not to refill Plaintiff's prescription after the one month supply ran out. Plaintiff ran out of Klonopin on September 11, 2005.

On September 17, 2005, Plaintiff was found in his cell by ACDC guards having suffered some sort of seizure episode. Plaintiff was taken to a medical cell, where he suffered another seizure two days later. He was transported to the Anderson Area Medical Center ("AAMC") where he was diagnosed as having suffered a symptomatic seizure secondary to benzodiazepine withdrawal, closed head injury, contusions, and a small subarachnoid hemmorage. However, Plaintiff's discharge summary contained a diagnosis of hypokalemia with grand mal seizure secondary to diuretics, Benzodiazepine withdrawal syndrome, and loss of consciousness secondary to orthostatic hypotension.

Defendant Lollis ("Lollis") was assigned to guard the Plaintiff at the hospital. Plaintiff was discharged after eight days, and his discharge records were given to Lollis. Plaintiff asked Lollis for the records, and Lollis refused to turn them over to Plaintiff. The ACDC has a policy to preserve confidentiality in medical records by only allowing detainees to have their records sent to their doctor or representative, or allowing detainees to review their records in the ACDC medical area with a member of the medical staff present to answer questions. Upon discharge from the AAMC, Plaintiff was given a prescription for one week's worth of Klonopin at a dosage of one milligram per day. Plaintiff received no further Klonopin prescriptions, and no further seizures occurred after that prescription ran out in October 2005.

## STANDARD OF REVIEW

### A.    Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the court. The recommendation has

no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. *Id.* After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

### B.     Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party

4

bears the burden of proof.'"  *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)).  Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases."  *Celotex*, 477 U.S. at 327.

## OBJECTIONS

### I.    Plaintiff's Deliberate Indifference Claim

As the Magistrate Judge correctly noted, claims related to conditions of confinement for pretrial detainees are analyzed pursuant to the Fourteenth Amendment utilizing the same analysis for claims brought pursuant to the Eighth Amendment.  *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).  The Magistrate Judge correctly explained that in order for the Plaintiff to make out a constitutional claim he must establish that the prison medical personnel responsible for his care were deliberately indifferent to his serious medical needs.

A claim of deliberate indifference to a serious injury is analyzed through a two part inquiry. First, a plaintiff must show that a defendant's "action or inaction result[ed] in or creat[ed] a sufficiently serious risk of a deprivation that objectively results in denial of the 'minimal civilized measure of life's necessities' and secondly, a 'sufficiently culpable state of mind [existed].' " *Winfield v. Bass,* 106 F.3d 525, 531 (4th Cir. 1997) (quoting *Farmer v. Brennan,* 511 U.S. 825, 831-34 & n. 2 (1994)).  In order to be liable for deliberate indifference, a plaintiff must prove that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also that he had drawn the inference.  *See Young v. City of Mount Rainer*, 238 F.3d 567, 575-76 (4th Cir. 2001).

In this case, the Magistrate Judge found that the Plaintiff failed to present evidence that any Defendants acted deliberately indifferent towards Plaintiff's medical needs through the denial of Klonopin, which Plaintiff claims caused him to suffer seizures. In his Objections, Plaintiff contends that the Magistrate Judge erroneously analyzed his claim, since his argument is that Defendants' failure to properly taper the Plaintiff off the Klonopin constituted deliberate indifference to Plaintiff's serious medical needs.

However, even with this distinction in claims, the Magistrate Judge's analysis is correct. Defendant Roundtree sought an appointment for Plaintiff at the Free Clinic, but the Free Clinic refused to make an appointment for Plaintiff.[1] It is also undisputed that Dr. DeCastro refused to refill the Plaintiff's Klonopin prescription in September 2005, when Plaintiff's previous monthlong prescription ran out. Subsequently, the Magistrate Judge correctly found that corrections officials are entitled to rely upon the expertise of medical doctors in treating medical conditions of the detainees.[2] *Miltier v. Bourne*, 896 F.2d 848, 854-55 (4th Cir. 1990). Further, in cases where the

---

[1] Plaintiff contends that the Magistrate Judge erroneously concluded undisputed evidence exists that Roudtree sought an appointment for Plaintiff since Roundtree failed to provide the name of the nurse she spoke with. However, Plaintiff has not introduced any evidence disputing the testimony of Roundtree's affidavit. Further, the Plaintiff must do more than show there is some metaphysical doubt as to the material facts. *Cawtaba Indian Tribe of South Carolina v. State of South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992). Plaintiff must set forth specific facts showing there is an issue for trial, which he has not done. Fed. R. Civ. P. 56(e); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990). Plaintiff also contends that a question of fact exists as to whether Roundtree delayed in attempting to obtain an appointment for Plaintiff, which may or may not be deliberately indifferent to Plaintiff's medical needs. However, Plaintiff's assertion is irrelevant, since the personnel at the Free Clinic informed Roundtree that no refills for Klonopin would be issued, and therefore any alleged delay by Roundtree could not have deprived Plaintiff of Klonopin.

[2] Plaintiff also contends Defendants acted deliberately indifferent to his serious medical needs by denying a refill of Lexapro and other pain medications. However, no named defendants are physicians, so no defendants could prescribe medication for Plaintiff. Therefore, Plaintiff's contention that he should have received more pain medication and refills of Lexapro

government is accused of failing to attend to a detainee's serious medical needs, the defendants' conduct must be sufficiently shocking to the conscience. *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, (4th Cir. 2004) ("As a general matter, '[o]nly governmental conduct that 'shocks the conscience' is actionable as a violation of the Fourteenth Amendment.' ") (quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 574 (4th Cir. 2001)). Mere negligence in providing medical attention does not rise to a constitutional violation. *Estelle*, 429 U.S. at 97; *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986). In the instant case, Plaintiff fails to show how any Defendants acted in a manner which could be considered deliberately indifferent to Plaintiff's medical needs. On the contrary, the evidence indicates that Defendants made a good faith effort to make appointments for Plaintiff with various physicians in order to get his Klonopin refilled, only to be informed repeatedly that Plaintiff did not need Klonopin. Accordingly, Plaintiff has not established an issue of material fact as to whether Defendants acted with deliberate indifference towards his serious medical needs.

## II.     Analysis of Facts in Light Most Favorable to Plaintiff as Non-moving Party

In a motion for summary judgment, all evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). In his Objections, Plaintiff contends the Magistrate Judge failed to construe factual inferences in light most favorable to the Plaintiff.

The Plaintiff first contends that his prior use and disuse of Klonopin is insufficient proof that his seizures were not caused by discontinuation of the drug. The Magistrate Judge merely states in the R&R that Plaintiff failed to take his drugs regularly and experienced no seizures during this period of time. (R&R at 5.) Further, the Magistrate Judge does not interpret the fact as having any

---

presents no issue of material fact, since it is undisputed that it was the Free Clinic, and not Defendants, that denied Plaintiff a follow up appointment.

bearing on the cause of the Plaintiff's seizures.  In fact, the Plaintiff's medical charts and records clearly state the reasons for the Plaintiff's seizures.  *Id*. at 7.  However, even if the court views Plaintiff's seizures as having been caused by Klonopin withdrawal, no action against Defendants arises, since no constitutional claim of deliberate indifference can be substantiated.[3]

Plaintiff also alleges that the Magistrate Judge failed to view the facts in light most favorable to Plaintiff regarding the cause of Plaintiff's physical injuries.  However, this simply has no bearing on the outcome of Plaintiff's case. (R&R at 7).  The fact remains that none of Defendants is a physician, and a corrections official is entitled to rely upon the expertise of medical doctors in treating the medical conditions of the detainees.[4]  *Miltier*, 896 F.2d at 854-55.  The evidence in the present case shows that all Defendants acted in accordance with the medical opinions of the physicians they were consulting regarding Plaintiff's prescriptions.

## III.    Plaintiff's Medical Treatment After Multiple Seizures

Plaintiff also contends that the Magistrate Judge failed to analyze Plaintiff's claim of deliberate indifference regarding Plaintiff's medical treatment after his first seizures.  He asserts that he requested to be hospitalized after his first seizure occurred on September 17, 2005.  Instead, the ACDC staff took Plaintiff to a medical cell, where he was informed a prison doctor must see him before he could be hospitalized.  Following another seizure, the ACDC personnel transported

---

[3] The Plaintiff also claims the lack of seizures after discharge from the AAMC fails to prove Defendants' actions or inactions were not the cause of the Plaintiff's original seizures.  For the same reasons as above, this claim fails.

[4] Plaintiff also contends that the Magistrate Judge erroneously concluded that Plaintiff is required to allege improper drug dispensation to validate his claim.  However, the Magistrate Judge correctly concluded that no Defendant had the ability to prescribe Klonopin for the Plaintiff.  As such, the corrections officials were entitled to rely upon the expertise of the medical doctors in treating Plaintiff.

Plaintiff to the AAMC. State facilities are only required to furnish prisoners with reasonable care, not the very best medical care. *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977). While the Constitution requires that a prisoner be provided with a certain minimum level of medical treatment, it does not guarantee a prisoner the treatment of his choice. *Jackson v. Fair*, 946 F.2d 811, 817 (1st Cir. 1988). *Cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986). Here, the evidence shows that Defendants were acting in accordance with ACDC policy, and absent any obvious outward signs, were required to place him a medical cell until a doctor could recommend that he be taken to a hospital. The necessary security measures required to transport an inmate to a hospital, as well as the potential for abuse, require corrections officials to implement and follow such a policy. Plaintiff's own belief that he should have been taken to a hospital or received further medical treatment, unsubstantiated by further evidence, does not present a genuine issue of material fact as to Defendants' deliberate indifference.

## IV.     Qualified Immunity

Furthermore, the Magistrate Judge correctly found that Defendants are entitled to qualified immunity. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether Defendants are protected by qualified immunity. Government officials generally are shielded from liability from civil damages unless their conduct violates a clearly established statutory or constitutional right of which a reasonable person would have known. *Harlow*, 457 U.S. at 818. Further, if the court determines no statutory or constitutional right has been violated, the inquiry ends "because [the] government officials cannot have known of a right that does not exist." *Potterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). Hence, Defendants are entitled to qualified immunity since Plaintiff has failed to show evidence of

violation of a constitutional right.

## CONCLUSION

For the foregoing reasons the court adopts in full the recommendation of the Magistrate Judge and **ORDERS** that Defendants' Motion for Summary Judgment as to Plaintiff's § 1983 claim is **GRANTED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**June 9, 2008**
**Charleston, South Carolina**

10